[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13545
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00468-TFM-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATRAIL MARCELLUS JACKSON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 15, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The government charged the appellant Latrail Jackson with several drug and firearm offenses. The drug charges included one count of possession with intent to distribute cocaine hydrochloride, one count of possession with intent to distribute marijuana, and one count of possession with intent to distribute methamphetamine. Jackson took his case to trial. He testified there that he possessed cocaine and marijuana, but that he did not intend to distribute those drugs. He also denied flat out that he possessed or intended to distribute methamphetamine. His latter testimony conflicted with government evidence showing that a confidential informant had bought methamphetamine from Jackson several times.

The jury convicted Jackson of the cocaine and marijuana charges, but it acquitted him of the methamphetamine charge. At sentencing, Jackson sought a two-point acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, given that he purportedly admitted to the facts underlying the marijuana and cocaine charges at trial. The district court did not apply the reduction; instead, it found by a preponderance of the evidence that Jackson had in fact sold methamphetamine and that his false testimony to the contrary made him ineligible for the acceptance-of-responsibility reduction. The court then sentenced him to 210 months' imprisonment. This is Jackson's appeal. He claims that the district court erred in denying the reduction.

2

We review for clear error a district court's decision not to apply a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *United States v. Moriarty*, 429 F.3d 1012, 1022–23 (11th Cir. 2005) (per curiam). We will affirm the district court's decision unless the record clearly establishes that the defendant has accepted responsibility. *Id.*

The acceptance-of-responsibility provision warrants a two-level decrease in the defendant's offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). District courts may consider, among other things, whether the defendant truthfully admitted the conduct comprising the offense of conviction. *Id.* § 3E1.1, comment. (n.1(A)). They may also consider whether the defendant truthfully admitted or did not falsely deny "any additional relevant conduct for which the defendant is accountable." *Id.* A defendant who exercises his right to trial and is convicted may clearly demonstrate acceptance of responsibility "[i]n rare situations," such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." *Id.* § 3E1.1, comment. (n.2). The sentencing judge is best positioned to evaluate the defendant's acceptance of responsibility, and thus its determination is entitled to great deference. *Id.* § 3E1.1, comment. (n.5).

"[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has

been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam). "An acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *United States v. Campbell*, 491 F.3d 1306, 1317 n.14 (11th Cir. 2007) (alteration accepted).

The district court did not clearly err in refusing to apply the reduction. Though Jackson admitted to possessing marijuana and cocaine at trial, he disputed the methamphetamine charge entirely. The government, in contrast, introduced evidence that a confidential informant bought methamphetamine from Jackson several times. The district court, in denying the reduction, was entitled to consider this relevant acquitted conduct and credit the government's evidence over Jackson's testimony. *See Watts*, 519 U.S. at 157; U.S.S.G. § 3E1.1, comment. (n.1(A)). Given this evidence, the district court did not clearly err in concluding that Jackson falsely testified about relevant acquitted conduct, and thus failed to accept responsibility.

Along with this, Jackson has not shown that his partial admission of guilt at trial qualifies him for the reduction. Though Jackson admitted to *possessing* cocaine and marijuana, he stopped short of saying that he intended to distribute those drugs. He thus forced the government to prove those facts. So there is no indication that Jackson went to trial simply to "assert and preserve issues that do

not relate to factual guilt." U.S.S.G. § 3E1.1, comment. (n.2). As a result, his is not the "rare instance" in which a defendant can go to trial on the offense of conviction yet still retain the ability to qualify for an acceptance-of-responsibility reduction. *See id.*

For these reasons, we cannot say that the district court clearly erred in refusing to apply a reduction for acceptance of responsibility. *See Moriarty*, 429 F.3d at 1022–23.

**AFFIRMED.**